WAUCHULA DEVELOPMENT COMPANY, A CORPORATION, *Plaintiff in Error*, v. PEOPLES STOCK YARDS STATE BANK OF CHICAGO, A CORPORATION, *Defendant in Error*.

Opinion Filed October 5, 1923.

1. The purpose of the statute and the Circuit Court rule, requiring the cause of action or a copy thereof in the class of instruments designated therein to be filed with the declaration, is to have the plaintiff apprise the defendant of the nature and extent of the cause of action alleged against him in order that he may plead thereto with greater certainty. The failure of the plaintiff to attach a copy of his cause of action to his declaration and make it a part thereof does not afford an opportunity to the defendant to attack by demurrer the defect in such cause of action.

2. The rule of construction as to pleadings which are attacked by demurrer is that the most unfavorable construction which the words of the attacked pleadings justify should be taken against the pleader.

3. A demurrer should state the substantial matter of law intended to be argued. When it fails in this respect it will not be considered.

4. An acceptance of a bill of exchange may be written on paper other than the bill itself but it does not bind the acceptor in favor of a person to whom the separate, written acceptance is not shown and who does not on the faith of such written acceptance receive the bill for value.

5. Section 4796, Revised General Statutes, provides that an unconditional promise in writing to accept a bill before it is drawn is deemed an actual acceptance in favor of every person who, upon the faith thereof, receives the bill for value.

6. A conditional acceptance under our statute, Section 4800, Revised General Statutes, is defined to be an acceptance which

VOL. 86, JUNE TERM, 1923.          299

Wauchula Dev. Co. v. Peoples Stock Yards State Bk.—Opinion of Court.

makes payment by the acceptor dependent on the fulfillment of the condition therein stated.

7. To construe a promise to accept a draft as equivalent to an actual acceptance, the promise must be in words describing the bill in terms not to be mistaken and promising to accept it.

8. An agreement by a person authorizing his agent to make sight draft, if necessary, for commissions due from time to time as they accrue and that the principal will advance against such agent's sight draft a total of a certain amount in three equal weekly payments to be charged to the agent's commission account, together with a certain other amount previously advanced, does not constitute a present acceptance of a draft drawn at some future time in favor of a third person, but is nothing more than an agreement to accept such draft.

This case was decided by Division A.

A writ of error to the Circuit Court for Hardee County; George W. Whitehurst, Judge.

Judgment reversed.

*Treadwell & Treadwell,* for Plaintiff in Error.

*Knight, Thompson & Turner,* and *John B. Sutton,* for Defendant in Error.

ELLIS, J.—The Peoples Stock Yards State Bank of Chicago, Illinois, brought an action in the Circuit Court for Hardee County against the Wauchula Development Company upon a sight draft for the sum of $1666.67 drawn by the Peninsular Land Company, by F. C. O'Connor, secretary and treasurer, at Chicago, in favor of the Peoples

Stock Yards State Bank of Chicago upon the Wauchula Development Company. The date of the draft was February 23, 1921.

The first count of the declaration alleges that the draft was transferred and delivered to the plaintiff for a valuable consideration and at the time of that transaction the Peninsular Land Company delivered to the plaintiff a written acceptance of the draft by the Wauchula Development Company; that the written acceptance was a contract entered into by the Wauchula Development Company and the Peninsular Land Company on the 3rd day of February, 1921. A copy of the alleged contract was attached to the declaration and made a part of it. It is alleged that the plaintiff on the faith of such written acceptance "received the bill for value;" and that the draft was duly presented for payment and payment refused.

The second count of the declaration alleges in substance the same facts; and alleges that the plaintiff is a *bona fide* purchaser of the draft for a valuable consideration without notice, and that the said draft was accepted by the defendant by the written instrument referred to in the declaration and made a part of it.

The contract, referred to in the declaration and attached to it and made a part of it, is an agreement between the Wauchula Development Company and the Peninsular Land Company, under which the latter Company became the agent of the Wauchula Company for the sale of "stocks, lands and other real estate" in the States of Illinois, Wisconsin, Michigan, Ohio and Indiana, at prices and upon terms to be made by the Wauchula Company. The Wauchula Company agreeing to pay the Peninsular Land Company, on all sales made by it to customers furnished by the Peninsular Land Company during the life of the contract, which was to end January 2, 1922, a commission

of $22\frac{1}{2}\%$, except on "buildings and other furnishings of the household," on which no commission was to be paid.

It was agreed that 45% of each cash payment received from land customers should be paid to the Peninsular Land Company until its commissions for such sale were fully paid; and that $22\frac{1}{2}\%$ of cash payments received from the sale of stock should be paid until the full amount of the commissions due upon such sale should be paid. It was further agreed that all payments received from purchasers by the Peninsular Land Company should be made payable to the Wauchula Development Company and the Peninsular Land Company agreed to forward the total amount of such payments to the Wauchula Company at its main offices in Wauchula, Florida; and the Company, under said agreement, authorized the Peninsular Land Company "to make sight draft if necessary for commissions due from time to time, as they accrue." It was further agreed that the Wauchula Company would advance to the Peninsular Company, against the latter's sight draft, a total of $5,000.00 in three equal payments, which was to be charged to the Peninsular Company's commission account together with $2,500, previously advanced; and that "50% of each and every amount of the first accrued commissions shall be withheld by the Company (Wauchula) until the total amount of this $7,500.00 advance is received by the Company, and the total amount advanced is fully re-paid to the Company."

It was further agreed between the parties that in the event any purchasers of either lands or stocks should fail or refuse to make payments on their contracts that the Peninsular Land Company should receive commission only on such payments as might have been made by such purchasers.

It was agreed between the parties that the commissions should be payable by the Wauchula Company to the Peninsular Company on condition that the Peninsular Company should not sell or attempt to sell, directly or indirectly, any lands or stocks owned or offered for sale by any one else during the life of the contract.

It was agreed that either party might cancel the agreement giving thirty days notice in writing.

There was a clause in the agreement which purported to regulate the matter of advertisements; providing that every proposed advertisement should not go to press until a copy of it had been submitted to the Wauchula Company at Wauchula, Florida, and the authority of the Company received to publish the same.

The draft, a copy of which was attached to the declaration, was not made a part of it, hence no reference can be made to it upon the demurrer. See Dorman v. Executor of Richard, 1 Fla. 281; Martyn v. Amold, 36 Fla. 446, 18 South. Rep. 791; Register v. Pringle Bros., 58 Fla. 355, 50 South. Rep. 584.

The defendant, Wauchula Company, demurred to the plaintiff's declaration upon six grounds. The first being that the declaration showed that the alleged contract or acceptance was made by the defendant with the Peninsular Land Company and that the draft was drawn by "Peninsular Land Company, Inc." The point presented by this ground is that it does not affirmatively appear that the "Peninsular Land Company, Incorporated" and the "Peninsular Land Company" are one and the same corporation.

This point is not well taken, although it may be said to be nearly so. The declaration does allege that the contract with the Wauchula Development Company was made with the "Peninsular Land Company," a corporation, and that

VOL. 86, JUNE TERM, 1923.                303

Wauchula Dev. Co. v. Peoples Stock Yards State Bk.—Opinion of Court.

the draft was drawn by the "Peninsular Land Company, Incorporated." Nothing else appearing in the declaration to the contrary the declaration might be construed to mean that the contract was made by one company and the draft drawn by another. This construction might be placed upon the declaration under the rule that upon a demurrer to a pleading the most unfavorable construction which the words of the attached pleading justify should be taken against the pleader; but the declaration in this case alleges distinctly that "the Peninsular Land Company" was the drawer of the draft.

The second ground of the demurrer attacks the declaration upon the asumption that both the contract and a copy of the draft were made parts of the declaration. The point presented being that an examination of the endorsement upon the draft shows that it was never presented to the Wauchula Development Company for payment but was presented to one "E. L. R."

This point cannot be reached by demurrer as neither the draft nor a copy of it was made by appropriate words a part of the declaration.

The third ground of the demurrer presents the point that the declaration does not show affirmatively that the draft sued upon was for a part of the sum of $5,000 which the defendant in the contract "agreed to advance against the sight draft of plaintiff."

The fourth ground of the demurrer is, that the declaration does not set forth any "facts or fix any liability of defendant to plaintiff to pay said draft."

The fifth ground of the demurrer is that under the terms of the contract the defendant "is not required to pay drafts therein mentioned in the hands of third persons."

The sixth ground of the demurrer does not comply with the rule which requires the demurrer to state the substantial matter of law intended to be argued.

The question, therefore, to be considered is. whether the contract entered into between the defendant and the Peninsular Land Company, on the 3rd day of February, 1921, constituted an acceptance of the draft drawn by the ''Peninsular Land Company, Incorporated,'' on the 23rd of February, 1921, in favor of the Peoples Stock Yards State Bank of Chicago, and upon which action was brought in this case, and if so whether such acceptance was unconditional or qualified.

An acceptance of a bill of exchange may be written on paper other than the bill itself, but it does not bind the acceptor in favor of a person to whom the separate, written acceptance is not shown and who does not on the faith of such written acceptance receive the bill for value.   Sec. 4795, Revised General Statutes.

Section 4796, Revised General Statutes provides that an unconditional promise in writing to accept a bill before it is drawn is deemed an actual acceptance in favor of every person who, upon the faith thereof, receives the bill for value.

A conditional acceptance is defined by our statute, Section 4800, Revised General Statutes, to be an acceptance which makes payment by the acceptor dependent on the fulfillment of a condition therein stated.

There are two clauses in the contract which constitute the agreement upon the defendant's part to accept the sight drafts of the Peninsular Land Company.   One is as follows: ''and the Company (Wauchula) authorizes the Agent (Peninsular Land Company) to make sight draft if necessary for commissions due from time to time, as they accrue;'' the other is as follows: ''it is understood by both

parties that the Company will advance against the Agent's sight draft a total of $5,000.00 in three equal weekly payments, the same to be charged to the Agent's commission account, together with $2,500.00, previously advanced." Neither of these clauses can be construed to be more than an agreement to accept the Peninsular Land Company's draft upon the defendant.

It has been the American rule since Coolidge v. Payson, 2 Wheat (U. S.) 66, that to construe a promise to accept as equivalent to an actual acceptance it must be in words "describing it (the bill) in terms not to be mistaken, and promising to accept it." See also The Franklin Bank of Baltimore v. Lynch, 52 Md. 270; Wildes et al. v. Savage, 1 Story (U. S. Cir.) 22; 7 Cyc. 770; 3 R. C. L. 1305.

Neither of the clauses above quoted fix, with any degree of certainty, the time at which the draft was to be drawn nor the amount for which it should be drawn. The fact that the amount for which the draft in this case was drawn happened to be equal to one-third of $5,000.00 is not alone sufficient to identify it as being drawn pursuant to the second clause above quoted.

The declaration only states a breach of the defendant's agreement to accept, and as such a breach affords no cause of action to the holder of the draft, a third person, no cause of action is stated by the declaration and the demurrer should be sustained.

It is therefore considered that the judgment of the court be, and the same is hereby, reversed.

TAYLOR, C. J., AND BROWNE, J., Concur.

WHITFIELD, P. J., AND WEST AND TERRELL, J. J., Concur in the Opinion.