MATILDA REARDON, *Plaintiff in Error,* v. FLORIDA WEST COAST POWER CORPORATION, a Florida Corporation, *Defendant in Error.*

Division A.

Opinion filed March 2, 1929.

*W. E. Smith,* for Plaintiff in Error;

*Cook & Harris* and *George W. Wylie,* for Defendant in Error.

ELLIS, J.—Matilda Reardon, widow of Maurice W. Reardon, brought her action against Florida Power Corporation, Nelson Construction Company and Atlantic Coast Line Railroad Company. Later the cause was dismissed as to the two last name defendants and an amended declaration

was filed with the Florida Power Corporation as the sole defendant.

The amended declaration is in five counts and sets forth a state of facts in substance as follows: The Power Company owns and operates an electric light and power plant. A line of its electric wires suspended on poles extended through Hernando County. At a point south of a station on the Atlantic Coast Line Railroad the electric wire of the defendant "extended along the side of and parellel with the right-of-way of the Atlantic Coast Line Railroad's, and was strung on poles about twenty-four feet above the ground"; that in May, 1926, the railroad company at the point described was engaged in building a railroad track alongside of its main line; the work was being performed by a contractor who in grading used a machine with a long crane attachment which was more than twenty-four feet high, the machine was capable of being moved from one point to another by its own power. The machine of the contractor came into contact with the defendant's wire while the machine was being moved from one point to another. When the contact occurred a strong current of electricity passed from the wire through the machine and into the ground, resulting in the instant death of two men who were operating the machine. Maurice Reardon was a railroad engineer in the employment of the railroad company and passed along the track of the railroad at the scene of the accident with a train at about eight o'clock A. M. on the same day but after the accident occurred. Reardon saw the men on the ground near the machine, stopped his engine and proceeded toward the grading machine to render assistance if possible to the two men. When he came within about twenty feet of the machine he was "killed by the powerful current with which the ground about the said machine was at the time charged."

The widow says that she is entitled to damages from the power company for the death of her husband by the wrongful injury committed by the company.

It is alleged that the wrongful act of the power company consisted first, in neglecting to elevate its electric wires at the point where the construction work was being carried on so that the machine used by the contractor could not come in contact with the wire; *second,* in neglecting to isulate the wires at the point where the construction wok was being done, thereby permitting the high voltage wires to remain so low to the ground; *third,* in neglecting to disconnect and remove the current of electricity when it came into the knowledge of the death of the two men; *fourth,* in neglecting to exercise reasonable care and caution to maintain its wires in such condition as not to injure the employees of the railroad in the use of the right-of-way, and *fifth,* in not placing the wires high enough above the surface of the ground and right-of-way of the railroad so as not to interfere with the construction work on the right-of-way.

The above enumerated breaches of alleged duty are made the basis of the five counts of the declaration.

A demurrer to the declaration was sustained and the cause dismissed. The plaintiff seeks to reverse the judgment by writ of error.

Before the judgment the defendant moved that the cause against it proceed in the name of Florida West Coast Power Corporation, to which name it had changed since the institution of the suit.

Construing the declaration in the light of the rule that the pleader is presumed to have stated his case as well as the facts permit and therefore any ambiguity in phrases or omission of allegation as to any material fact is to be construed against the pleader, the following state of facts are supposed to be true. Admitted by the demurrer:

The power company had erected its poles on which the wires were stretched not upon the railroad's right-of-way but parallel thereto; that the wires were uninsulated, through which passed an electrical current of high voltage and were elevated twenty-four feet above the ground; that an independent contractor engaged by the railroad company was at work building a railroad track alongside the main line. In such construction work the contractors used a machine for grading the roadbed; that the machine had a crane attachment more than twenty-four feet high and could be moved from place to place by its own motive power; that the workmen operating the machine brought the crane attachment into contact with the defendant's wires by careless manipulation or handling of the machine, if not by an actual trespass upon the land over which the defendant's wires were stretched; that a current of electricity was by that contact with the wires conducted through the machine and two men on the machine were immediately killed thereby; that the accident occurred about two hours prior to eight o'clock in the morning and that Reardon who was passing the place at that hour driving an engine and train as engineer for the railroad saw two men dead on the ground near the road grading machine, and that its crane was in contact with the defendant's wires; that he knew of the existence and business of the power plant and the dangerous quality of the electric fluid when carrying a high voltage; that he stopped his train, dismounted from the engine and approached the road machine, his motive being the humane one of rendering assistance to persons whom he thought were in distress. When within twenty feet of the machine he sustained an electrical shock which killed him; that the defendant corporation had knowledge through some officer or agent of the death of the two men before Reardon was killed; that the accident occurred about two

and a half miles south of a station on the railroad line called Rital, in Hernando County; that had it not been for the careless handling of the road machine by the persons engaged in manipulating it the accident would not have occurred.

The above inferences are justified by the rule of pleading to which reference has been made. See Sewell v. Huffstetler, 83 Fla. 629, 93 So. R. 162; Wauchula Development Co. v. People's Stock Yards State Bank, 86 Fla. 298, 98 So. R. 220; 1 Chitty on Pleading (16 Am. Ed.) page 337.

The fact that the wires of the power company at the place of the accident were uninsulated and elevated only twenty-four feet above the ground over land which it had the right the use for its purposes and not upon the railroad's right-of-way, we hold, is not of itself a negligent act. While the power company is held to a high degree of care for the safety of the public, the maintenance of its wires at the place and under the conditions described in the declaration cannot be said to be such lack of prudence and foresight which is required of the management of such companies to guard against the possibility of such happening as occurred, as to constitute a breach of duty. See Stark v. Holtzclaw et al., 90 Fla. 207, 105 So. . 330; Key West Electric Company v. Roberts, 81 Fla. 743, 89 So. R. 122; Escambia County Electric Light and Power Company v. Sutherland, 61 Fla. 167, 55 So. R. 83. To hold otherwise would be to hold the power company to the liability of an insurer.

It is apparent therefore that the accident was the result of an intervening human agency negligently if not unlawfully exercised, and that such agency was the proximate cause of the death of the plaintiff's husband, unless the power company had become informed of the death of the two men on the machine by the means alleged and that the contact of the crane attachment with the wire was still

unbroken a' sufficient length of time before Reardon attempted to go to the assistance of the two men to enable the company to shut off the current. In that case a different situation would be presented. The continuous flow of the current produced by the company and diverted at that point through the road machine upon the right of way of the railroad was a condition of great danger which was within the power of the defendant to eliminate by the exercise of reasonable prudence and care for the safety of othrs. In such case the doctrine of *"res ipsa locquitur"* would apply.

Here was an unusual situation. Something unusual had happened to the defendant's property, through no fault of the defendant it is true, but a situation nevertheless of such danger to others that a continuation of it by defendant after knowledge would speak for itself that such continuation of the danger was negligent. See Smith on Negligence 419.

We are of the opinion that the third count of the declaration in which this feature of the case is emphasized is deficient in its allegations as to the fact of notice to the defendant of the accident to the two men, the time of such notice before the plaintiff's husband arrived and the fact of the continuous contact of the road machine with the wires.

If the contact had been broken there would have been no current of electricity passing through the machine when Reardon arrived. The maintenance by the defendant of its wires and the use to which they were put in the manner and under the circumstances alleged not being of itself a negligent act of the defendant, the matter of the defendant's liability to the plaintiff in damages for the death of her husband would depend upon some negligent act or omission of the defendant resulting without any interme-

diate negligent act of Reardon in his death. When the plaintiff's husband came upon the scene he was charged with the knowledge of what his sense of sight might have revealed to him. Whether approaching the heavily electrically charged machine was a lack of ordinary care on his part amounting to a negligent act contributing proximately to his own death we do not now decide.

From the views above expressed, we are of the opinion that there was no error in sustaining the demurrer to the declaration so the judgment is affirmed.

TERRELL, C. J., AND BROWN, J., concur.

WHITFIELD, P. J., AND BUFORD, J., concur in the opinion and judgment.