113 So.2d 697 (1959)
FLORIDA POWER & LIGHT CO., a corporation; and Southern Bell Telephone & Telegraph Co., a corporation, Petitioners,
v.
Barbara Jean BELL, Lois Ann Bell, James E. Bell, and Lloyd E. Bell, all minors, by their guardian, the First National Bank in Fort Lauderdale, Florida; and Paris G. Singer, their next friend, Respondents.
Supreme Court of Florida.
July 23, 1959.
Brigham, Wright, Dressler & Rearick and George W. Wright, Jr., Miami, for Florida Power & Light Co.
S.O. Carson and Walton, Lantaff, Schroeder, Atkins, Carson & Wahal, Miami, for Southern Bell Telephone & Telegraph Co.
Nichols, Gaither, Green, Frates & Beckham and Sam Daniels, Miami, for respondents.
DREW, Justice.
Probable jurisdiction of this Court herein has been noted and writ of certiorari issued.
The two petitions for certiorari, filed by Southern Bell Telephone and Florida Power Company, are addressed to a decision of the District Court, Third District, by which it reversed a circuit court judgment holding that the evidence in the cause, an action for negligence allegedly causing the death of the respondents' father, was insufficient to present a jury question.
The respondents' father, Edward Bell, was killed when a crane operated by a fellow employee struck a power line while the crew was engaged in laying telephone conduits. The reviewing court reached its conclusion that a jury question was presented upon the basis of certain statements of decedent's foreman, who gave notice of the operations to petitioners, and related testimony. Examination of the opinion and record shows ambiguity in the evidence as *698 to what was to be done to make the area safe.
Respondent takes the position that the case is controlled by the pronouncements of this Court in Ansin v. Thurston, Fla., 101 So.2d 808, 810, relative to the character of "conflict" essential to jurisdiction here.[1]
The argument of petitioners in these proceedings is, essentially, that the district court has erroneously found on the basis of conjecture that a jury question was presented in this case and that the trial court erred in directing a verdict for defendant at the close of evidence on the issue of liability. The asserted conflict is, of course, with the multitude of decisions relative to the character of evidence essential to present a jury question or sustain a verdict.[2] It should be plain, upon the most elementary reflection, that this controversy, instead of revolving around a "point of law" as required by Article V, Florida Constitution, involves an evaluation or weighing of the evidence in the case by this Court to determine applicability of undisputed principles of law. This, we conclude, is not within the intendment of Article V.
A conflict might conceivably arise either from the adoption of opposing rules or from the application of the same principle to reach a different result upon the same facts. In the first instance a conflict of principle will be obvious and the existence of collateral issues of fact cannot serve to make the decisions reconcilable on the disputed point.[3] But the case at bar illustrates perfectly the situation where the asserted conflict depends directly upon the quantum and character of proof. The contention, basically, is that the plaintiff's evidence on the disputed point is "conjectural," and in order to find that the court's decision to the contrary is in conflict with a prior decision, it must be shown that the allegedly conflicting cases are "on all fours" factually in all material respects.[4] This the petitioners have failed to do. Whether or not we would agree with the court's conclusion in this case, we do not think that the evidence was sufficiently clear or settled or in line with that in any earlier case to bring the decision in collision with another and create a conflict of authority on the point.
As pointed out in the above cited opinions, this is the limit of our authority to review, in this area, the decision of an otherwise final appellate tribunal. The propriety of such limitations on the right of review has been repeatedly adjudicated: "There is a broad distinction existing between the right to be heard in courts of justice, on the one hand, and the necessity for the grant of authority, on the other hand, to review the results of such hearing by proceedings in error on appeal. The guaranty of due process of law does not require an appeal from a trial before a fair and impartial tribunal. An appeal is a privilege which must be conferred by authority upon the person who would enjoy it. In other words, the right of appeal is not an *699 inherent or inalienable right."[5] And elsewhere: "The judgment of an appellate court below the court of last resort may be made final. * * * Various other limitations upon the appellate procedure have been held not to violate the guaranty of due process."[6]
Arguments of the same general nature as made by petitioners herein have been similarly disposed of in other jurisdictions having limited review of appellate decisions:
"Petitioners complain that `the Court of Appeals has reviewed the evidence, which was in conflict * * * and has substituted its appraisal of the facts for that of the learned Circuit Judge.' That is an argument which could have been appropriately addressed to the Court of Appeals during its consideration of the case. It is not appropriate here. * * * On certiorari to that Court we do not go to the record and consider all the evidence anew and determine, as a reviewable proposition, whether the factual findings and conclusions are sufficiently supported by the evidence or are against the great weight and preponderance of the evidence. Nor will we examine the record and determine whether the Court of Appeals failed to give proper consideration to the rule of review that a trial court's findings from evidence taken orally before it is `to be given the effect of a jury verdict and is not to be disturbed when there is evidence to support it.' It must be remembered that the Court of Appeals is a court of final appellate jurisdiction in this state * * *."[7]
The theory upon which the jurisdiction of courts of last resort should be so limited is fully explored in a recent minority opinion of the United States Supreme Court, concluding that the Court's discretionary certiorari jurisdiction should not be exercised to decide a factual controversy like that involved in this case, viz.: was there sufficient evidence for submission to a jury?[8] Reference is made to this minority opinion not as a precedent but because of our concurrence in the views on this subject therein so forcefully expressed. Although the question at hand is not whether certiorari should be granted but whether the case is one within the express limitations of our constitutional provisions, the same principles of division of appellate jurisdiction were plainly operative in the drafting of our amended judiciary article and must influence any interpretation of its terms. The constitutional objectives can be achieved and the creation of the district courts justified only if we recognize that the primary function of this Court, particularly in the area of "conflicts" here involved, is to stabilize the law by a review of decisions which form patently irreconcilable precedents. The petitioners have not, for the reasons above set forth, shown that the decision in this case has that effect.
The writ of certiorari heretofore issued is hereby discharged.
THOMAS, C.J., and HOBSON, THORNAL and O'CONNELL, JJ., concur.
TERRELL, J., agrees to judgment.
ROBERTS, J., dissents.
NOTES
[1] "The supreme court may review by certiorari any decision of a district court of appeal * * * that is in direct conflict with a decision * * * on the same point of law * * *." Section 4(2), Article V, Florida Constitution, F.S.A.
[2] Representative of the thirty-three cases with which the contested decision is alleged to be in conflict are: Southern Utilities Co. v. Matthews, 84 Fla. 30, 93 So. 188; Louisville & N.R. Co. v. Holland, Fla., 79 So.2d 691; Tucker Brothers, Inc. v. Menard, Fla., 90 So.2d 908; Tatom v. Seaboard Air Line R. Co., 93 Fla. 1046, 113 So. 671; Swilley v. Economy Cab Co., Fla., 56 So.2d 914; Kraver v. Edelson, Fla., 55 So.2d 179; Reardon v. Florida West Coast Power Corp., 97 Fla. 314, 120 So. 842; Richmond v. Florida Power & Light Co., Fla., 58 So.2d 687; Rivaux v. Florida Power & Light Co., Fla., 78 So.2d 714.
[3] See Larnel Builders, Inc. v. Martin, Fla., 110 So.2d 649; Food Fair Stores of Florida, Inc. v. Patty, Fla., 109 So.2d 5.
[4] Ansin v. Thurston, Fla., 101 So.2d 808.
[5] 2 Am.Jur., Appeal and Error, § 6, p. 847.
[6] Ibid, Vol. 12, Const.Law, § 638.
[7] Department of Industrial Relations v. Walker and Danzy, 268 Ala. 507, 109 So.2d 135, 137.
[8] Dissenting opinion of Mr. Justice Frankfurter, in Dick v. New York Life Ins. Co., 359 U.S. 437, 79 S.Ct. 921, 3 L.Ed.2d 935.