117 So.2d 410 (1960)
N & L AUTO PARTS COMPANY and Great American Indemnity Company, Petitioners,
v.
Raymond E. DOMAN and Florida Industrial Commission, Respondents.
Supreme Court of Florida.
January 13, 1960.
Rehearing Denied February 16, 1960.
*411 L. Page Haddock and Samuel Kassewitz, Jacksonville, for petitioners.
Martin Sack, Jacksonville, for respondents.
DREW, Justice.
This petition for certiorari under amended Article V of the Florida Constitution, F.S.A., asserts that the opinion and judgment of the district court upholding the action of the Florida Industrial Commission in its award of compensation to the claimant[1] is in direct conflict with three decisions of this Court.[2] On the initial consideration of this petition we noted probable jurisdiction but, upon further consideration and after argument of counsel, we are of the view that there is no direct conflict between the subject decision and the three mentioned decisions of this Court. We find nothing in the Gray case, so far as conflict is concerned, which merits discussion. In the Moore and Foxworth cases the conflict is not in the law as laid down in those decisions but in the conclusion reached in each as to whether the employee was on a purely personal mission at the time of the injury. In the Foxworth case this Court, on the facts in that case, said that at the time of the injury suffered by the claimant he was not in the course of his employment but was engaged in a purely personal errand in no way connected with or beneficial to his employment.[3] In the Moore case this Court held, under the facts in that case, "[w]hen the accident which resulted in Moore's death took place, he was on a mission purely personal to himself and wife and had no connection * * with his employment." [143 Fla. 103, 196 So. 496.] In both the Moore case and the Foxworth case the law was pronounced that when an employee deviates from his employment and is injured while engaged in a purely personal mission, he is not entitled to benefits under the workmen's compensation law. This seems to be a universally accepted pronouncement. In the district court case now under review, the deputy commissioner found from the facts in the *412 case that the claimant was, at the time of the accident, within the scope of his employment and was, therefore, covered by the applicable provisions of the workmen's compensation law. This is the converse of the holding in the Moore and Foxworth cases so there is no conflict whatever inso far as the principles of law announced in the respective decisions are concerned. Inherent in the holding in the instant case is the approval of the principle in the Foxworth and Moore cases that had the claimant been engaged upon a purely personal mission, he would not have been covered by the provisions of the act.
In certiorari proceedings under the provisions of amended Article V authorizing this Court to settle conflicts in decisions, we have consistently held that we will not look into the facts in order to determine whether a conflict exists.[4] The question of a conflict is of concern to this Court only in those cases where the opinion and judgment of the district court announces a principle or principles of law that are in conflict with a principle or principles of law of another district court or this Court. Our concern is with the decision under review as a legal precedent to the end that conflicts in the body of the law of this State will be reduced to an absolute minimum and that the law announced in the decision of the appellate courts of this State shall be uniform throughout. That is the obvious purpose of the constitutional provision and the limitations of our power to review decisions of the district courts in this respect.
Finding, therefore, that in the constitutional sense there is no conflict in the mentioned decisions, the writ of certiorari heretofore issued be and the same hereby is discharged.
TERRELL, Acting C.J., and THORNAL and O'CONNELL, JJ., concur.
ROBERTS, J., dissents.
ROBERTS, Justice (dissenting).
The opinion of Mr. Justice DREW in this case holds that, even though the facts  which were undisputed  are set out in full in the decision of the District Court of Appeal brought here for review, this court will not review such facts to determine whether the result reached by that court in the application of an admittedly correct principle of law is in conflict with the result reached by this court upon facts materially the same. This is contrary to the statement in Florida Power & Light Co. v. Bell, Fla. 1959, 113 So.2d 697, 698, that "A conflict might conceivably arise either from the adoption of opposing rules or from the application of the same principle to reach a different result upon the same facts." (Emphasis added.)
The facts here are undisputed, and are recounted in the decision of the District Court of Appeal. They are that the claimant, while sitting in his motel room, decided to go to a movie and departed upon that purely personal mission. He sustained an injury on the motel premises upon his return thereto before he had reached his point of departure, to wit, the motel room. In holding that "claimant's deviation * * had been completed and came to an end when he debarked from the taxi on his return to the motor court", the appellate court said:
"It would be hypercritical to hold that merely because claimant had deviated from the course of his employment on a completed private mission prior to the time of his injury he is barred from relief, whereas if he had not so deviated he would be entitled to the benefits of the Act. It would be equally unsound to conclude under the facts in this case that claimant's point of deviation occurred inside his motel *413 room when he decided to drive to Savannah to see the picture show, and that he could not be considered to have returned to the course of his employment until he was again safely inside the door of his room. Such holdings would not be in keeping with either the spirit or intent of the Act." (Emphasis added.) [111 So.2d 272.]
The writer agrees that this conclusion is unsound and not within the spirit and intent of the workmen's compensation act. Nonetheless, in Foxworth v. Florida Industrial Commission, Fla. 1955, 86 So.2d 147, 152, (in which the writer dissented) a majority of this court held that a claimant who was sitting in the lobby of his hotel during attendance at a convention and had started to leave the lobby to go on a personal mission when he fell and was injured, was not in the course of his employment at the time of the alleged fall. This court said:
"At that time, claimant, by his own words had started to leave the lobby of the public hotel with the intention `to go to Lincoln Road to get something for his grandchildren.' Therefore his activity at the time of the stroke concerned only a purely personal errand in no way connected with or beneficial to his employment. These circumstances brought him wholly within the rule that an accident is not compensable when it occurs `at a time when the employee was engaged in the pursuit of his own private and personal affairs.'"
The conclusion is inescapable that the Foxworth case stands for the proposition that, as to employees on a travel status, the point of deviation, or departure, from the employer's business to go on a purely personal mission occurs when the decision to embark upon the personal mission is made and activity in that direction is initiated. If the claimant in the instant case had sustained the same injury on the same spot on the lawn while on his way to the movie, his injury could not have been held compensable, as one arising "in the course of" his employment, under the Foxworth decision. Yet, as noted above, the appellate court said in its decision that such a conclusion would be "unsound." No logical distinction can be made, insofar as a claimant's employment status is concerned, between an injury sustained while on the way to accomplish a personal mission and one sustained on the same spot while returning from such mission. And, in my opinion, the decision of this court in the Foxworth case and the decision of the appellate court here reviewed "form patently irreconcilable precedents", Florida Power & Light Co. v. Bell, supra, imposing upon this court the duty either to recede from the decision in the Foxworth case or to quash the decision here reviewed.
I therefore dissent.
NOTES
[1] N. & L. Auto Parts Company v. Doman, Fla.App. 1959, 111 So.2d 270.
[2] The decisions with which the subject case is alleged to be in conflict are: Gray v. Employers Mut. Liability Ins. Co., Fla. 1952, 64 So.2d 650; Fidelity & Casualty Co. of New York v. Moore, 1940, 143 Fla. 103, 196 So. 495 and Foxworth v. Florida Industrial Commission, Fla. 1955, 86 So.2d 147.
[3] It has been argued and with some logic that the portion of the Foxworth case dealing with the departure from the scope of employment is obiter dictum. It is obvious that the case was decided upon the propositions that the injury to Foxworth was not the result of an accident and that the stroke suffered by the claimant was caused by circumstances personal to the claimant. Moreover, we reached the conclusion in the Foxworth case that the finding of the deputy commissioner denying compensation was supported by competent substantial evidence and that, therefore, the decision of the full commission affirming that finding was entirely proper.
[4] Ansin v. Thurston, Fla. 1958, 101 So.2d 808; Florida Power & Light Co. v. Bell, Fla. 1959, 113 So.2d 697.