ALLEN, Judge.
Appellants, plaintiffs below, appeal a final judgment dismissing their amended complaint. The complaint, after alleging the defendant-appellee’s corporate existence and plaintiff-appellants’ ownership of certain premises, alleged that appellee had undertaken, for consideration, to transmit electric current to appellants’ premises and that appellee was thereby obligated to use proper equipment and observe proper procedures in the transmission of the current.
Continuing, the complaint alleged that appellee failed to meet this obligation in that:
“ * * * defendant’s employee turned on electrical current from defendant’s power line to plaintiffs’ dwelling without notifying plaintiffs or ascertaining whether plaintiffs or other persons were present on plaintiffs’ premises, and without ascertaining by inquiry from the plaintiffs, or otherwise, whether plaintiffs’ premises and the electrical circuits, outlets and appliances situate therein were in a proper and safe condition to receive said electrical current. That in fact, at the time said current was turned on by defendant’s employee, the plaintiffs and the members of their family residing in said premises were away therefrom, and said premises were temporarily vacant and unattended ; that defendant1 s employee knew or should have known that if said circuits, outlets and appliances were not in a proper and safe condition to receive electrical current, and such current was turned on to the premises at a time when said premises were unattended, that a dangerous condition would thereby be created; * * (Emphasis added.)
Concluding, the complaint alleged that as a result of “negligence” the appellee conducted current into the premises causing a fire and consequent damage to appellants. Significantly, while the complaint alleged that appellee “knew or should have known” that “if” circuits on the premises were defective damage might occur, the complaint does not allege that appellee knew or should have known that the circuits were defective. The able trial judge deemed the omission of this latter allegation fatal to appellants’ cause and, upon consideration, we affirm his judgment of dismissal.
In an excellent Annotation in 32 A.L.R.2d 246 (1953), on a related question arising from a failure of an electric company to shut off current, the Summary on page 247 states:
“While there is some authority to the contrary, the majority of the cases considering the matter recognize that an electric company is liable for property damages or personal injuries or death arising from its failure to shut off the current, at least where it had knowledge or notice, actual or constructive, of a defect or other condition rendering the continued energising of its wires perilous to others. The matter of knowledge or notice is generally of great importance. Liability is usually placed on the ground of negligence, the courts in some instances declaring that the company must exercise a high degree of care in view of the deadly nature of the current, while in other cases it is stated that the company must exercise ‘reasonable’ care. But it is to be noted that the term ‘reasonable care’ appears to have been used in most instances as meaning such care as a reasonably prudent man would take under like circumstances. And, considering the deadly nature of electricity, it would seem that that care which a reasonably prudent man would exercise ■ would be similar to, if not the same as, a ‘high degree of care.’ ” (Em- ■ phasis added.)
*881 On page 248 of the above Annotation, under § 2, the following appears:
“While an electric company is not commonly regarded as an insurer, it has been held or recognized in the vast majority of the cases in which the question has arisen that such a company would be liable for damages arising from its failure to shut off the current, at least where it had notice or knowledge of the existence of circumstances rendering dangerous its continuance of the energizing of the wires or other equipment, or where such notice or knowledge was imputable to it.”
Under the above section there appears cases from some 28 states including two cases from Florida; Reardon v. Florida West Coast Power Corp. (1929) 97 Fla. 314, 120 So. 842; Florida Power & Light Co. v. Bridgeman (1938) 133 Fla. 195, 182 So. 911. Cf. Bell v. Florida Power & Light Co., Fla.App. 1958, 106 So.2d 224.
An earlier Annotation appears in 134 A.L.R. 507 (1941), under the title “Liability of electric light or power company for injury or damage due to condition of service lines or electrical appliance maintained by one to whom it furnishes electric current.” On page 508 of the Annotation, under the subject “Liability to owner or members of his household,” there appears the following:
“Subject to certain qualifications, as pointed out in some of the cases hereunder, — such as knowledge of defects in wiring or appliances through which electricity is transmitted, and duty as to making proper connections with the wires or appliances of the consumer,— the rule is that where the company generating electric current does not own, control, or maintain the wires or appliances over which its current is transmitted to a consumer it is not liable for injuries to the person or property of the consumer who owns, controls, or maintains such wires or appliances.” (Emphasis added.)
The appellant, in his brief, cites as a leading case the case of Hughes v. Louisiana Power & Light Company, La.App. 1956, 94 So.2d 532, which was an action brought against the power company for fire loss resulting from restoration of service due to lightning damage, where the wiring was in a dangerous condition.
The court, in its opinion, quoted from authorities therein noted as follows:
“ ‘The duty and responsibility of a mere generating company is generally held to be limited to making a proper connection and delivering the electric current to the purchaser’s wires and appliances in a manner which, so far as such delivery is concerned, protects life and property, and there is no duty of inspection to see that the purchaser’s wires and appliances are in a safe condition and kept so. Accordingly, where wiring or other electrical appliances on private premises are owned and controlled by the owner or occupant of such premises, a company which merely furnishes electricity is not responsible for the insulation or condition of such wiring or appliances and is not liable for injuries caused by their defective condition, to such owner or occupant, * * *. [However,] knowledge of the defective and dangerous condition of a customer’s appliances will charge even a mere generator and supplier of electricity with liability for consequences, where current is thereafter supplied to such defective and dangerous appliances, in which case it is the energizing of the line with knowledge of the conditions, and not the conditions themselves, which forms the basis of liability’, 29 C.J.S., Electricity, § 57, pp. 611-613. See also 18 Am.Jur. Verbo ‘Electricity,’ Sections 46-53, 62, 85, 100.”
Later on in this same opinion the court commented that the defendant overlooked the fact that liability was imposed, if at all, not upon the defendant’s failure to in *882 spect the customer’s wiring, but upon its resuming electric service with actual or presumed knowledge that due to lightning damage plaintiff’s wiring was or might be in a dangerous condition.
Since the complaint in the instant case failed to allege appellee’s knowledge, actual or presumed, that the circuits on appellants’ premises were defective, the lower court’s judgment is affirmed.
Affirmed.
SMITH, C. J., and FUSSELL, CARROLL W., Associate Judge, concur.