418 So.2d 51 (1982)
CITY OF STARKVILLE, Mississippi
v.
Ken HARRISON and Teresa Harrison.
No. 53270.
Supreme Court of Mississippi.
July 14, 1982.
Rehearing Denied August 25, 1982.
Gholson, Hicks & Nichols, John W. Crowell, Columbus, for appellant.
Stark & McAlpin, William D. Stark, Starkville, for appellees.
Before PATTERSON, C.J., WALKER, P.J., and DAN M. LEE, J.
DAN M. LEE, Justice, for the Court:
This is an appeal from the Circuit Court of Oktibbeha County wherein Ken Harrison and Teresa Harrison, plaintiffs/appellees, recovered damages in the amount of $2700 from the City of Starkville, Mississippi (city), defendant/appellant, in an action predicated upon the city's negligence in connecting electrical service to the Harrison's vacant apartment. Following the connection of electrical power to the Harrison's *52 apartment, a fire erupted destroying numerous items of personal property belonging to the Harrisons who had not completed their move into the apartment. From an adverse verdict and judgment the city appeals. We reverse.
Ken and Teresa Harrison were married on August 4, 1979. On August 1, 1979, they leased Apartment 5E at the Parkside Apartment Complex in Starkville, Mississippi. The couple began moving certain items into the apartment on Saturday, August 11, 1979. However, there was no plan to occupy the apartment until the following weekend. Most of the items moved into the apartment were gifts the couple had received in connection with their wedding.
On August 9, 1979, Ken Harrison called the City of Starkville Electric Department to inquire as to information regarding the connection of electrical service to the apartment. When Ken asked for a specific date on which the connection could be made, he was allegedly told that no specific date could be given due to the amount of connections requested at that time of year. Ken expressed his desire that the power be supplied by Friday, August 17, 1979, when his wife had planned to return to the apartment. Teresa Harrison prepared a check for the amount of the deposit and attached a note stating she would be at the apartment on Friday, August 17, 1979.
The power connection was evidently made on August 16, 1979, while the apartment was vacant. An eye on the stove was apparently in an on position and subsequently ignited boxes stacked on or near the stove. A similar situation had occurred in the city of Starkville in the summer of 1975.
According to city electric department officials and employees, electrical service was not connected in the absence of a specific date by a customer. Where a deposit was mailed in and no specific date requested, service was generally made on the date the deposit was received. Gwen Perkins, who prepared the meter order for the Harrisons, testified to the contrary. She asserted if a deposit by mail was received without a specific cut-on date, she withheld service until further notice by the customer. However, where specific orders accompanied the deposit, service was made on the date requested.
The jury returned a verdict in favor of the Harrisons and assessed their damages at $2700. Final judgment was entered accordingly.

I. Did the trial court err in failing to grant appellant's request for a peremptory instruction?
Electrical companies are required to exercise the highest degree of care in dealing with their product, which is a deadly agency. However, the degree of care does not contemplate that such companies become absolute insurers regardless of fault. Tallahatchie Valley Electric Power v. Clinton, 347 So.2d 348 (Miss. 1977).
26 Am.Jur.2d, Electricity, Gas and Steam, section 105 (1966), states in part the general rule as to liability for defective wires or appliances beyond the control of the company supplying the electricity:
It is generally held that where the electric wires or other appliances which have caused injury are not owned or controlled by the company furnishing the power, such company is not liable for the damage sustained. This rule has been held applicable to injuries to the person or property of the consumer who owns and controls or maintains such wires or appliances, and to injuries to third persons or trespassers, including an employee of a consumer, though in the case of injuries to third persons a contrary result has been reached. It has been held that where current is delivered to a consumer for use in appliances leased or furnished him by the company, there is no liability on the part of the company for injuries to third persons which arise from defects in such appliances.
The view is taken that both as to consumers and other persons who may be damaged by reason of the condition of wires and appliances controlled and maintained by the consumer, unless the current *53 is supplied with actual knowledge of such conditions, the responsibility of the company supplying electricity ends when connection is properly made under proper conditions and it delivers the current in a manner which will protect both life and property. There is authority that the supplier of electricity is under no obligation to inspect such wires or appliances. (emphasis ours.)
Appellant contends it had no other duty in the present case than to make sure proper connections were made absent actual, knowledge of the fact that appellees' stove was left in the on position. As a general rule, there is no duty to inspect poles, wires or appliances before supplying electrical power where such poles, wires or appliances are controlled by the customer. 26 Am.Jur.2d, Electricity, Gas and Steam, § 106 (1966).
In White v. Orlando Utilities Commission, 156 So.2d 879 (Fla.App. 1963), White brought suit for damages which resulted from a fire when defendant's employee connected electrical power to his dwelling without notifying or ascertaining whether anyone was present on the premises. White, in his complaint, alleged:
"* * * defendant's employee turned on electrical current from defendant's power line to plaintiffs' dwelling without notifying plaintiffs or ascertaining whether plaintiffs or other persons were present on plaintiffs' premises, and without ascertaining by inquiry from the plaintiffs, or otherwise, whether plaintiffs' premises and the electrical circuits, outlets and appliances situated therein were in a proper and safe condition to receive said electrical current. That in fact, at the time said current was turned on by defendant's employee, the plaintiffs and the members of their family residing in said premises were away therefrom, and said premises were temporarily vacant and unattended; that defendant's employee knew or should have known that if said circuits, outlets and appliances were not in a proper and safe condition to receive electrical current, and such current was turned on to the premises at a time when said premises were unattended, that a dangerous condition would thereby be created; * * *." (Emphasis added.) (156 So.2d at 880).
On appeal, the dismissal of White's complaint was affirmed due to the failure to include an allegation that defendant knew or should have known that the circuits were defective.
Appellees in the case sub judice charged in their declaration that appellant was negligent in failing to arrange to have the electrical connection made at a time when someone was present in the apartment.
Viewing the evidence as we must on motion for directed verdict or peremptory instruction, appellees' proof established that appellant made a proper connection of electrical service to appellees' apartment without actual knowledge of the dangerous or defective condition of appellees' appliance. The evidence further established that appellees merely requested that electrical service be supplied by a specific date. However, there was no proof, or contention made, that appellees specified that service be installed only when the apartment was occupied by one of the appellees. We express no opinion as to whether a supplier of electricity could be held liable for negligent connection of electrical service where a certain date is specified or agreed upon between a customer and supplier and connection is made on a date other than that specified or agreed. Appellees' proof simply failed to establish any negligence on appellant's part.
Since we have concluded that appellees failed to establish appellant's negligence in connecting electrical current to their apartment, appellant's motion for a peremptory instruction should have been granted. The cause is therefore reversed and judgment rendered here for appellant.
REVERSED AND RENDERED.
PATTERSON, C.J., SUGG and WALKER, P. JJ., and BROOM, ROY NOBLE LEE, BOWLING and HAWKINS, JJ., concur.