MODIFIED OPINION ON MOTION FOR CLARIFICATION
KING, P.J.,
for the Court.
¶ 1. This Court grants the parties’ joint motion to clarify opinion, withdraws the Court’s prior opinion, and substitutes this opinion in lieu thereof.
¶ 2. Doris Hopkins filed a complaint in the Circuit Court of Noxubee County alleging that Mississippi Valley Gas (MVG) was negligent in reconnecting gas to her home. Hopkins contended MVG was negligent in reconnecting service to an un-elevated gas-fired water heater after being *515 put on notice that flammable liquids were being stored near the heater. Two days after MVG reconnected the gas to the Hopkins residence the home was partially destroyed by a fire that erupted from the gas heater. The trial court granted MVG’s motion for summary judgment. Aggrieved, Hopkins appeals to this Court and asserts that the trial court erred in granting summary judgment.
FACTS
¶3. Doris Hopkins is the owner of a home located within the city limits of Macon, Mississippi. The home was built during 1993-1994 according to plans supplied by -the U.S. Government through the Farmer’s Home Administration (FHA), and included an outside utility room which opened onto a carport. A natural gas water heater, manufactured by American Water Heater Company, was installed by the builders of the home at floor level, commonly referred to as “unelevated”, in the utility room. The natural gas for the water heater was supplied by Mississippi Valley Gas. MVG did not manufacture, retail, or install the water heater in the Hopkins home.
¶ 4. When the house was built in 1994, floor level installation was in compliance with all applicable building codes. Since 1995, MVG has required all heaters which it installs to be elevated at least eighteen inches off the floor. At least a part of the reason for this requirement is the opinion that, “By elevating the water heater, it becomes more difficult for heavier than air flammable vapors to come into contact with the flame in the water heater and be ignited.” (Mississippi Valley Gas letter dated April 10, 2000). In its letter, MVG noted that risks of storing flammable liquids, such as gasoline, near a water heater are great, and the risks may possibly be lessened by an elevation of the water heater, but the only safe method was to never store flammable items in the same room with or near a water heater or appliance, elevated or not. ■
¶ 5. Prior to Hopkins’ moving in, the home'had passed all inspections conducted by the FHA and the City of Macoh'. At the time of the fire, in June 2000, the home with its un-elevated heater was still code-compliant with the City of Macon.’
¶ 6. It is undisputed that on several occasions MVG enclosed in statements sent to its customers, warnings regarding the danger of storing flammables near a water heater. MVG’s records indicate that bills with a safety warning enclosure were mailed to the Hopkins home on September 2, 1999 April 10, 2000, and on May 1, 2000. According to MVG’s records each of the bills containing the warnings was paid by Hopkins. The May and September warnings were pictures depicting the danger of keeping flammables near gas appliances. The April warning was a letter from the president of MVG, which specifically outlined the dangers of storing flammables near the water heaters, and even included an adhesive safety sticker to attach to the heater. The record does not indicate whether or not Hopkins affixed the safety sticker to her water’ heater. The letter' stated that “some building codes require and most water heater manufacturers recommend that gas water heaters be elevaft ed 18 inches off the ground where flammable vapors are likely to be present.” The letter went on to say “by elevating the water heater, it becomes more difficult for heavier than air flammable vapors to come into contact with the flame in the water heater and be ignited.”
¶ 7. On May 31, 2000 Hopkins’ service was interrupted when her gas bill was not timely paid. That same day MVG serviceman Doyle Cummins arrived at the Hopkins residence to restore service. As part of restoring service, Cummins was to reignite any pilot lights. Cummins found a gasoline container stored in close proximi *516 ty to the water heater, but removed the container before re-lighting the pilot light. Hopkins acknowledged that Cummins showed her the container and warned her of the dangers of storing flammable materials in the same room as the water heater. Cummins did not warn Hopkins that there was an increased risk of danger when storing flammables near an un-elevated water heater.
¶ 8. Two days later, on June 2, 2000, the Hopkins home was partially destroyed by fire. It appears that the fire began when flammable gasoline vapors were ignited by the gas-fired water heater. By Hopkins’ own admission, at the time of the fire she saw her three year old grandchild, whom she was babysitting, running from the direction of the utility room aflame. Hopkins used her blouse and bare hands in an attempt to extinguish the flames. However, the child was so severely burned that he ultimately died from the burns received in the explosion. After the fire, the red gasoline container which Cummins had removed from the utility room could not be found. It is therefore believed that Hopkins’ grandchild moved the red gasoline container back into the utility room.
¶ 9. MVG filed a motion for summary judgment, which was granted on May 29, 2002. The trial judge decided the sole issue was whether MVG had a duty to warn, or refuse service, where no flammable liquids were present when service was initiated. The trial court held that absent actual knowledge of a hazardous condition at the time the service was re-connected MVG’s duty “terminated at the meter.”
ISSUES AND ANALYSIS
I.
Whether the trial court erred in granting summary judgment
¶ 10. Hopkins contends that the trial court erred in granting summary judgment to MVG. Hopkins claims that although the factual averments as to the cause of the fire are not in dispute, that uncontradicted evidentiary facts do not necessarily entitle a party to summary judgment, and that where materially different yet reasonable inferences or interpretations may be gleaned from undisputed facts, the jury must be allowed to perform its function. Although the trial judge refused to infer negligence by MVG, Hopkins contends that jurors, given the same set of undisputed facts, could infer negligence by MVG, and therefore, a genuine issue of material fact existed that should have precluded summary judgment.
¶ 11. In considering the grant or denial of a summary judgment, this Court conducts a de novo review. Daniels v. GNB, Inc., 629 So.2d 595, 599 (Miss.1993); Mantachie Natural Gas Dist. v. Miss. Valley Gas Co., 594 So.2d 1170, 1172 (Miss.1992). A trial court may grant summary judgment “if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” M.R.C.P. 56(c). A fact is material if it “tends to resolve any of the issues, properly raised by the parties.” Webb v. Jackson, 583 So.2d 946, 949 (Miss.1991) (citing Mink v. Andrew Jackson Cas. Ins. Co., 537 So.2d 431, 433 (Miss.1988)). The evidence must be viewed in the light most favorable to the nonmoving party. Morgan v. City of Ruleville, 627 So.2d 275, 277 (Miss.1993) (citing Brown v. Credit Ctr., Inc., 444 So.2d 358, 362 (Miss.1983).). If, in this view, the moving party is entitled to a judgment as a matter of law, then summary judgment should be granted in that party’s favor. Id.
*517 ¶ 12. The trial judge found the following facts to be undisputed:
1. The builder of the house constructed it according to the plans and specifications supplied to it by the U.S. Government through the Farmer’s Home Administration;
2. The house was inspected by the Farmer’s Home Administration and the City of Macon before it was occupied;
3. The initial installation of the un-ele-vated water heater in the utility room complied with all applicable building codes and requirements of the Farmer’s Home Administration and the City of Macon;
4. The water heater was installed in compliance with applicable building codes of the City of Macon;
5. On May 31, 2000, MVG serviceman Doyle Cummins re-connected gas service at the house after he removed a gasoline container from the utility room, warned Hopkins about storing the gasoline in the same room as the water heater, and instructed Hopkins to keep the gasoline out of the utility room, there was no flammable liquid in the room when Cummins lit the water heater.
6. The fire occurred on June 2, 2000, apparently after someone returned the gasoline container back into the utility room.
Based on this set of undisputed facts the trial judge granted summary judgment in favor of MVG. He held that MVG could not be held responsible for the gasoline container being placed back into the room after its personnel left the premises, and because no dangerous condition existed at the inception of service MVG’s duty “terminated at the meter.”
¶ 13. The attribution of negligence to a public utility “terminates at the meter” unless the utility has actual knowledge of a dangerous condition. Upton v. Magnolia Elec. Power Ass’n, 511 So.2d 939 (Miss.1987); City of Starkville v. Harrison, 418 So.2d 51, 52-53 (Miss.1982). “Natural gas is an extraordinarily dangerous element, and those who are authorized to furnish it for use among the public are charged with a degree of care and skill commensurate with that danger; and in such cases as in all cases of known danger, the sacredness of life and limb is the declared basis upon which the law imposes a duty of care.” Miss. Power & Light Co. v. McCormick, 175 Miss. 337, 344, 166 So. 534, 535 (Miss.1936). “The duty of the utility company is to exercise reasonable care.” Miss. Power & Light Co. v. Lumpkin, 725 So.2d 721, 729 (¶ 38) (Miss.1998).
¶ 14. MVG owed a duty to Hopkins. That duty was to use the highest degree of care when supplying natural gas to her home. McCormick, 175 Miss. at 344, 166 So. at 535. To survive a motion for summary judgment, Hopkins must first show that MVG breached its duty to her. Hopkins has alleged two specific breaches of MVG’s duty to her. First, Hopkins claims that MVG breached its duty by igniting the pilot light on an un-elevated water heater after seeing gasoline stored in the same room. Second, Hopkins claims that MVG knew of and failed to warn her of the dangers of an un-elevated water heater.
¶ 15. There is no dispute that (1) MVG had on not less than three occasions included in Hopkins’ bill warnings about storing flammable items near the water heater, (2) MVG removed the gasoline from the storage room prior to lighting the pilot light on the water heater, (3) after removing the gasoline, MVG instructed Hopkins that flammable items absolutely should not be stored near the water heater, (4) sometime after MVG had removed *518 the gasoline and eliminated the dangerous condition its presence created, the gasoline was placed back in the storage room by Hopkins’ three year old grandson and (5) based on Hopkins’ own admissions it is inferred that the fire was caused by Hopkins’ grandson bringing the gasoline back into the storage room.
If 16. Given these facts, the trial court found, and we agree, that MVG did not breach its duty to Hopkins. Clearly Hopkins was warned by MVG of the danger of storing flammable items near the water heater and instructed absolutely not to do so. Also, MVG removed that dangerous condition which it observed.
¶ 17. While it is true that in some circumstances undisputed facts may be susceptible of multiple interpretations, that is not true in this ease. There is only one reasonable interpretation to be accorded these undisputed facts, and that interpretation justified the granting of a summary judgment to MVG. Accordingly, the Court affirms the granting of summary judgment.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF NOXUBEE COUNTY GRANTING SUMMARY JUDGMENT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANT.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, AND CHANDLER, JJ„ CONCUR. GRIFFIS, J„ NOT PARTICIPATING.