872 So.2d 274 (2004)
Maria DOLAN, individually, and as Personal Representative of the Estate of David Dolan, deceased, Appellant,
v.
FLORIDA POWER & LIGHT COMPANY, Appellee.
No. 4D01-4962.
District Court of Appeal of Florida, Fourth District.
March 10, 2004.
Rehearing Denied June 4, 2004.
*275 Robert Garven, Coral Springs, and Charles A. Mancuso of Charles A. Mancuso, P.A., Fort Lauderdale, for appellant.
Marjorie Gadarian Graham of Marjorie Gadarian Graham, P.A., Palm Beach Gardens and Cheryl Kempf, FPL-Law Division, Juno Beach, for appellee.
TAYLOR, J.
Maria Dolan, individually and as personal representative of the Estate of David Dolan, deceased, appeals a final summary judgment entered on behalf of appellee, Florida Power & Light Co. (FPL). We reverse, based on the Florida Supreme Court's recent decision in Clay Electric Cooperative, Inc. v. Johnson, 873 So.2d 1182, 2003 WL 22966277 (Fla. Dec. 18, 2003).
On January 28, 1999, David Dolan was fatally injured in a motorcycle accident at the intersection of N.W. 5th Avenue and N.W. 35th Street in Boca Raton. His wife, Maria Dolan (Dolan), filed a two-count negligence complaint against FPL alleging that 1) FPL owned an overhead streetlight at the scene of the accident; 2) the streetlight had not been functioning properly at the time of the accident; and 3) FPL had been notified of the malfunction prior to the accident. Dolan claimed that FPL owed a duty of care to David Dolan in its maintenance of the streetlight, that it breached that duty by failing to properly maintain the streetlight, and that its breach of the duty of due care created a dangerous condition which was a proximate cause of the accident.
In its Answer, FPL set forth numerous affirmative defenses, among them, that it neither owed nor breached any duty to David Dolan.
FPL filed a Motion for Final Summary Judgment, wherein it alleged that an electric utility does not owe a general duty to the public to supply street lighting or electric current thereto. Therefore, FPL claimed that even when the loss of a streetlight is the result of negligence on the part of the power company, that negligence cannot, as a matter of law, constitute a breach of duty owed to a plaintiff involved in an accident allegedly because of the streetlight malfunction.
In response to FPL's motion, Dolan filed the affidavit of Brad Beverly. Beverly stated that: 1) he lived on the corner of N.W. 5th Avenue and N.W. 35th Street, where David Dolan's accident occurred; 2) multiple accidents occurred at the intersection subsequent to the street light being out but prior to David Dolan's death; 3) he called FPL before David Dolan's death to alert them to the problem of the broken streetlight and to have that problem corrected; and 4) the streetlight was not repaired until after David Dolan's death.
Dolan also filed a copy of the Municipal Street Lighting Agreement. Pursuant to *276 the initial agreement, Article III, Section 5, FPL agreed to "use reasonable diligence to provide continuous service during lighting hours, and, having used reasonable diligence, shall not be liable for any outage." Over the years, FPL expanded its service and purchased the street lighting system from the City of Boca Raton. Throughout the life of this relationship, FPL took on different responsibilities. For example, in a Conservation Lighting Conversion Agreement entered into between FPL and the City of Boca Raton, FPL agreed in the service clause that:
Service includes lamp renewals, patrol, energy from dusk each day until dawn the following day, and maintenance of Company-owned street lighting systems. Energy will be supplied from Company's series or multiple system, at Company's option. Furthermore, upon request by the City of Boca Raton, FPL would modify and/or replace certain street lights.
After the initial denial of its motion for summary judgment, FPL filed a Second Motion for Final Summary Judgment which was granted.
After briefing and oral argument, we stayed this case pending the Florida Supreme Court's resolution of the same issue in Clay Electric, supra, and its companion case, Martinez v. Florida Power & Light Co., 863 So.2d 1204 (Fla.2003).
In Clay Electric, the Florida Supreme Court held that an electric utility which undertakes to provide street lighting owes a duty to third persons for physical harm resulting from the failure to exercise reasonable care in this undertaking, relying upon Restatement (Second) of Torts § 324A (1965). That subsection limits liability on the part of an "undertaker," so that liability only exists, if:
(a) his failure to exercise reasonable care increases the risk of such harm, or
(b) he has undertaken to perform a duty owed by the other to the third person, or
(c) the harm is suffered because of reliance of the other or the third person on the undertaking.
The court in Clay Electric held that the "increased risk" subsection of the Restatement was satisfied on that summary judgement record, because it was a negligent maintenance (not a negligent installation) case, thus comparing the risk to the "normal" lighted condition not the natural darkness. Thus, a jury question was raised as to whether the electric company's negligence increased the risk of harm in that case to a pedestrian.[1]
This case is controlled by Clay Electric. The first prong of the Restatement (i.e., increased risk), as interpreted in Clay Electric, poses a jury question here, since facts of record clearly show that this, too, is in the nature of a negligent maintenance case. Genuine issues of material fact thus preclude summary judgment. See Fla. R. Civ. P. 1.510(c).
We reverse the final summary judgment and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
WARNER and STEVENSON, JJ., concur.
NOTES
[1] The Clay Electric court also found that the "reliance" subsection was applicable there, as the minor pedestrian's caregiver may have been induced to forego other precautions for the child. That "reliance" prong does not seem applicable at bar. However, the three-prong Restatement test is set forth in the disjunctive, so that mere increased risk under prong one alone will suffice.