SHEPHERD, J.
Miguel A. Callejas, as personal representative of Miguel Eduardo Callejas, a minor, and Yasset and Blanca Maria Inc-iarte and Jesus Guillermo Inciarte, as co-personal representatives of the Estate of Edgard Jesus Inciarte, a minor, appeal an adverse final summary judgment in a negligence action against Florida Power and Light Company (FPL). The undisputed facts show that the minor children were electrocuted when they stepped into an energized puddle of water surrounding a metal street light. The tragedy occurred because a wire inside the pole had frayed such that electrical current supplied by FPL energized the pole and thence the water. Although FPL supplied the electricity to the pole, it did not own the pole and had no contractual or other obligation to maintain it. Moreover, FPL did not have any knowledge of the frayed wire inside the pole.
It has long been the settled law of this state that:
where wiring or other electrical appliances on private premises are owned and controlled by the owner or occupant of such premises, a company which merely furnishes electricity is not responsible for the insulation or condition of such wiring or appliances and is not responsible for injuries caused by their defective condition....
White v. Orlando Utils. Comm’n, 156 So.2d 879, 881 (Fla. 2d DCA 1963). We see no reason why this principle does not extend to defective conditions existing on public property, at least absent knowledge by the utility. Id.
We find that the case before us is distinguishable from the numerous recent cases where the utility engaged in active negligence. See, e.g., Clay Elec. Coop. v. Johnson, 873 So.2d 1182 (Fla.2004)(duty exists where street light maintenance company undertook to maintain street light); McCain v. Florida Power Corp., 593 So.2d 500 (Fla.1992)(duty exists where electric utility employee assumed the obligation to accurately mark area traversed by underground cable for benefit of plaintiff); Goldberg v. Florida Power & Light Co., 899 So.2d 1105 (Fla.2005)(duty to warn motorists of hazardous condition created when electric utility knew or should have known that deactivation of power would inactivate traffic signal); Dolan v. Florida Power & Light Co., 872 So.2d 274 (Fla. 4th *152 DCA 2004)(genuine issue of material fact existed as to whether FPL negligently maintained streetlight where FPL specifically had contractual duty to maintain streetlight).
Affirmed.